STATE of Missouri, (Plaintiff) Respondent,

v.

Robert Eugene BUSBY, (Defendant) Appellant.

No. 56977.

Supreme Court of Missouri, Division No. 1.

Nov. 13, 1972.

John C. Danforth, Atty. Gen., Richard S. Paden, Asst. Atty. Gen., Jefferson City, for respondent.

Bernard Edelman, Clayton, for appellant.

HOLMAN, Presiding Judge.

Defendant was charged with the offense of forcible rape. See § 559.260.[1] He was also charged with a prior felony conviction. § 556.280. The jury found defendant guilty of the offense charged and the court fixed his punishment at imprisonment for a term of 30 years. Defendant has appealed. We affirm.

We have jurisdiction because the appeal involves a felony conviction and was taken prior to January 1, 1972, the effective date of new Article V, Section 3, of the Missouri Constitution, V.A.M.S.

Defendant does not question the sufficiency of the evidence and hence we need not state the testimony in detail. The prosecutrix, age 17, lived in an apartment with her aunt. There was evidence to support a finding that at about 11 a. m., on April 21, 1970, defendant entered the apartment. He was a distant relative and had been with prosecutrix and her aunt for a time the previous evening. Defendant went into the bedroom with a handkerchief "across his face." He tied the hands and legs of the aunt and then raped prosecutrix. After he left the apartment prosecutrix and her aunt immediately told a neighbor of the occurrence and the police were called.

The defendant did not testify. He did, however, offer a number of witnesses in an effort to discredit the State's witnesses and also sought to prove an alibi.

Prior to trial defendant filed a motion to suppress proof of a prior conviction for rape in order to impeach his credibility in the event he should testify in his own behalf. He alleged that a conviction for rape would not tend to impair his credibility and would be particularly damaging to his defense because it was the same offense as the present charge. The motion was over-

1. Statutory references are to RSMo 1969, V.A.M.S.

ruled. Thereafter, defendant orally moved that the court instruct the prosecuting attorney to restrict the cross-examination of defendant on that issue to the question as to whether he had been convicted of a prior felony or misdemeanor without specifying the name of the offense or the amount of punishment. That motion was overruled.

The first contention on this appeal is that the court erred in overruling defendant's motions to suppress or restrict proof of his prior conviction for rape. He asserts that a conviction for rape does not indicate dishonesty and since it would have been very detrimental to his defense he was forced by the rulings to give up his right to testify.

A determination of defendant's contention involves a consideration of § 491.050 which reads as follows: "Any person who has been convicted of a criminal offense is, notwithstanding, a competent witness; but the conviction may be proved to affect his credibility, either by the record or by his own cross-examination, upon which he must answer any question relevant to that inquiry, and the party cross-examining shall not be concluded by his answer." It should also be noted that § 546.260 provides that if a defendant testify in his own behalf he "may be contradicted and impeached as any other witness in the case."

■ This court has uniformly held that the foregoing statutes confer an absolute right to show prior convictions and the nature thereof for the purpose of impeachment. In the early case of State v. McBride, Mo.Sup., 231 S.W. 592, 594, it is said that "If the defendant may be impeached as any other witness, it is not only proper to show that he had been convicted but to show of what crime he had been convicted."

We have also stated that " '[s]ince the statute permits proof either by the record or by cross-examination, it cannot be the intendment of the statute to restrict the proof, if made by cross-examination, to proof that the witness has committed a "criminal offense", without disclosing the kind or character thereof, when, if the other method of proof is adopted, such latter fact is necessarily disclosed, the purpose of the proof and the reason for allowing it being the same, whichever method of proof is adopted. Moreover, the conviction is permitted to be proved to affect the credibility of the witness. The jury must determine the credibility of the witnesses. It needs no argument to demonstrate that conviction of an offense of one kind, say a trivial misdemeanor, would not affect the credibility of a witness to the same extent as would conviction of some heinous offense involving moral turpitude.' " State v. Gentry, Mo.Sup., 212 S.W.2d 63, 64.

Defendant concedes that the same contention he now makes was ruled adversely to the defendant in the recent case of State v. Morris, Mo.Sup., 460 S.W.2d 624. He asks, however, that we reconsider Morris and overrule it. The Morris case contains an extensive review of the question before us and it would not serve any useful purpose to repeat that discussion here. We have considered all of the authorities cited and have concluded that Morris was correctly ruled.

Defendant has cited cases (which we consider to be the minority rule) holding that statutory provisions similar to ours should be construed as not conferring an absolute right to show the conviction but places the discretion as to admissibility in the trial judge. People v. Montgomery, 47 Ill.2d 510, 268 N.E.2d 695; Luck v. United States, 121 U.S.App.D.C. 151, 348 F.2d 763; Gordon v. United States, 127 U.S.App.D.C. 343, 383 F.2d 936. We do not agree with those decisions. It is our view, as stated in Morris, that the statute confers an absolute right to show convictions solely to affect credibility. It may be that the right should be restricted in some respects, but, if any change is to be made we think it must be done by the General Assembly. As indicated, we rule this point against defendant.

■ The defendant's next contention is that the trial court erred in failing to grant

him a new trial because of the failure of Juror Langenberg to fully and truthfully answer a certain question directed to the jury panel generally. The question was: "(By Mr. Vandover) * * * Has anyone ever been on a court-martial board or somehow involved in a court-martial proceeding in the service?" A number of veniremen responded affirmatively to the question, but Mr. Langenberg made no response. When the motion for new trial was heard Mr. Langenberg testified that he "served for two years in the U. S. Army * * * stationed with the Army Intelligence Corps. * * * My duties, roughly, ran everywhere from file clerk to directing investigations in accordance with Army regulations. * * * We were doing mostly security investigations. * * * Q. Did you testify at any time? A. Never. * * * Q. Is it my understanding you never served on a court-martial board? A. I never had anything to do with any investigative—criminal investigative activity of the Army. Q. You never served on a court-martial board? A. No." In ruling on the motion the trial court stated: "I have studied the defendant's motion for a new trial on all the other points raised. I feel that Mr. Langenberg was not, in any way at all, required to volunteer information that was not asked."

We fully agree with the ruling of the trial court. The question propounded to the panel did not call for Mr. Langenberg to disclose the type of service he had been engaged in while serving in the Army. The point is without merit and is overruled.

 The next point briefed by defendant is that the trial court erred in failing to grant a mistrial because of certain statements made by the assistant prosecuting attorney during the argument. In discussing the testimony of a defense witness, Mary DeClue, the following occurred: "(By Mr. Merz) I don't really know what all her testimony amounted to. She only said one or two things and then conveniently

couldn't remember anything else. She doesn't know what happened back then. She is up here trying—I am not saying she is lying, she just doesn't really know anything. And, she is up there, nervous and scared. Was it she doesn't know what she is supposed to say? She got asked questions Mr. Vandover didn't tell her about? (Whereupon the following was heard at the bench out of the hearing of the jury): Mr. Vandover: Judge, I will object to his comment, suggesting that I suborned perjury in that case and told the witness what to say. On that basis, I object to it and I ask for a mistrial. The Court: The request for mistrial is overruled. I will advise the jury to disregard it and will reprimand Mr. Merz. * * * (The following was heard within hearing of the jury): The Court: Ladies and gentlemen of the jury, you will absolutely and totally disregard Mr. Merz' comment. Strike it completely from your mind. It was an improper comment for Mr. Merz to make about the trial of this case by Mr. Vandover. It was very improper and should not be repeated. Proceed." We recently restated the established rule that " 'the declaration of a mistrial is * * * a drastic remedy and should be exercised only in extraordinary circumstances where the prejudicial effect can be removed in no other other way. See State v. Smith, Mo., 431 S. W.2d 74; State v. James, Mo., 347 S.W.2d 211; State v. Camper, Mo., 391 S.W.2d 926. This determination rests largely within the discretion of the trial judge who observed the incident and can best gauge its prejudicial effect upon the jury.' " State v. Pruitt, Mo.Sup., 479 S.W.2d 785, 790.

In the case at bar the trial court sustained the objection, directed the jury in the strongest possible language to disregard the statement, and reprimanded the attorney. The court obviously considered that such action was sufficient to remove any possible prejudicial effect the comment might have had on the jury. We see nothing to indicate that the trial court abused its discre-

tion in that regard and we accordingly rule this contention against defendant.

 Also, during the argument of the assistant prosecutor, the following occurred: "(By Mr. Merz) Mr. Vandover says he produced evidence, he proved his innocence. Where is that evidence? * * * He said he did but he didn't prove anything. The State produced all the evidence. It all points to the defendant's guilt, but I don't know if he is guilty. If he isn't guilty —Mr. Vandover claims to have proved to you he isn't guilty—ask yourself where is the evidence that he isn't guilty. Mr. Vandover: Judge, I want to object—The Court: It will be sustained. (Out of the hearing of the jury): Mr. Vandover: * * * This is a reflection on the defendant's failure to take the stand and testify in his behalf. It is reversible error. I move for a mistrial. The Court: A mistrial will be overruled. * * * Mr. Merz: For the record, I would like to also point out that Mr. Vandover opened the door to this by saying he had proven it. He voluntarily assumed the burden. * * * (Within the hearing of the jury): The Court: Ladies and gentlemen of the jury, you will totally disregard that argument about where is the evidence. The burden is not upon the defendant. Proceed." Defendant contends that the quoted statement is a comment on his failure to testify. He says that since he did offer some evidence the statement could only be considered as a reference to the fact he did not testify.

Supreme Court Rule 26.08, V.A.M.R. (the same as § 546.270) reads, in part, as follows: "If the accused shall not avail himself or herself of his or her right to testify * * * it shall not be * * * referred to by any attorney in the case * * *." We discussed in some detail a similar contention in the recent case of State v. Sechrest, Mo., 485 S.W.2d 96, and our construction of the rule and the review of the cases need not be repeated here. We do not think any prejudicial error occurred. The statement was certainly not a direct reference to defendant's failure to testify. Since defendant presented six witnesses it could not have been considered a comment on the failure to offer any evidence but was obviously a reference to the alleged inferior quality of defendant's evidence. We do not think the jury would have reasonably considered the argument as a reference to defendant's failure to testify. Moreover, it should be noted that the court sustained the objection to the argument and instructed the jury to "totally disregard" it. Any possible prejudice should have been removed by that admonition. We rule that the trial court did not abuse its discretion in failing to invoke the drastic remedy of declaring a mistrial.

The judgment is affirmed.

SEILER, J., and RICKHOFF, Special Judge, concur; BARDGETT, J., not sitting.