STATE of Missouri, Respondent,

v.

Connie Louise DAVIS, Appellant.

No. KCD 29702.

Missouri Court of Appeals, Kansas City District.

Oct. 30, 1978.

Clifford A. Cohen, Public Defender, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent. .

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

TURNAGE, Judge.

Connie Louise Davis was convicted of stealing property over the value of $50.00,

§ 560.156, RSMo 1969, and sentenced to ten years imprisonment by the court under the Second Offender Act. On this appeal Davis contends she is entitled to a new trial because of the comment by the prosecutor on her failure to testify. Reversed and remanded.

Davis does not question the sufficiency of the evidence. The jury could reasonably have found that Davis left a Harzfeld's store in Kansas City with a coat belonging to Harzfeld's in a plastic bag carried over her arm under a raincoat. When she left the store, Davis was followed by security officers who saw her go about two and one-half blocks and enter an ice cream shop. While in the shop she was observed placing the plastic bag under a machine. When Davis left the store she was arrested and the plastic bag with the coat was retrieved from the shop.

Davis did not testify but called an employee of the ice cream shop to testify that a person observing from outside the shop in the position occupied by the officer could not see anything inside the shop below the armpit level of a person standing.

In his final argument the prosecutor made the following argument:

> Look at the facts here. All of the facts tend to show the guilt of the defendant. I don't see any facts here, and I don't think the evidence shows any fact, that tend to show any innocence of the defendant.

> Mr. Lopez talked about his defense to this. I didn't really hear it. Maybe you did. He mentioned this last sentence in Court's Instruction 6. "You should not find the defendant guilty unless the facts and circumstances proved are consistent with each other," there's no question that they're consistent with each other, "and the guilt of the defendant, and inconsistent with any reasonable ·theory of her innocence." You have heard no reasonable theory of innocence from this defendant.

Mr. Lopez, who represented Davis, objected to the statement of the prosecutor on the grounds that it was an improper comment on the defendant's right to testify and requested a mistrial. The court overruled both the objection and the motion for mistrial and further refused to instruct the jury to disregard the comment of the prosecutor. The trial court construed the comment by the prosecutor as a proper argument that there were other witnesses who were not called by the defendant but who could have been called.

Rule 26.08, a verbatim copy of § 546.270, RSMo 1969, provides if an accused shall not avail himself of his right to testify it shall not be referred to by any attorney in the case. Case law is abundant in this State in which the rule and constitutional provisions relating to the right of an accused not to testify have been considered. In *State v. Rothaus,* 530 S.W.2d 235, 237[1] (Mo. banc 1975) the court stated: "[a]rguments made by a prosecutor, wherein there are *direct* and *certain* references to failure of an accused to testify, constitute reversible error." In *State v. Lindner,* 282 S.W.2d 547, 550[2–4] (Mo.1955) the court stated with reference to the prohibition against comment of a failure of an accused to testify: "[t]he ultimate test of whether the prohibition has been violated is whether the jury's attention was called to the fact that the accused did not testify."

■ Of course each case in which this question is raised contains a slightly different statement by the prosecutor so that no two statements can be exactly equated. However, under the tests which require that the comment be direct and certain and that it call the jury's attention to the fact that the accused did not testify, this court is satisfied the statement in this case falls within the prohibited area of comment. The jury was told directly that they "heard no reasonable theory of innocence from this defendant." This was unequivocally a direct and certain reference to Davis, the defendant, and to the fact that the jury had heard nothing from this defendant specifically which amounted to a reasonable theory of innocence. The prosecutor could hardly have made a more direct and certain comment on the failure of Davis to testify.

The only case relied on by the State to justify this comment is *State v. Busby,* 486 S.W.2d 501, 505 (Mo.1972) in which the prosecutor stated, "if he isn't guilty—[defense counsel] claims to have proved to you he isn't guilty—ask yourself where is the evidence that he isn't guilty." There is no comparison between the argument in the present case which specifically referred to "this defendant" and that approved in *Busby,* where the prosecutor clearly was only calling attention to the absence of evidence rather than the defendant's failure to testify.

This court cannot agree the comment was directed at the existence of witnesses not called by Davis. Whether or not the resultant effect was intentional, the statement could only rivet the jury's attention on the failure of Davis herself to offer some explanation or theory to prove her innocence. There is no room for any other explanation of the impact of this comment on the jury.

█ The assistant prosecutor who tried the case refused to approve the transcript because he stated he had said in the argument, "you have heard no reasonable theory of innocence from the defense." However, under Rules 28.08 and 81.12(c) the trial court approved the transcript which contains the statement as first set out. This court, of course, is bound to accept the version contained in the transcript approved by the trial court.

The judgment is reversed and the cause remanded for a new trial.

All concur.