**STATE of Missouri, Respondent,**

v.

**Jerome ABRAMS, Appellant.**

**No. 41438.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 4, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 18, 1980.

Application to Transfer Denied
May 13, 1980.

Robert C. Babione, Public Defender, Joseph Webb, Asst. Public Defender, Cynthia S. Holmes, Sp. Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Lew A. Kollias, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

Defendant was convicted by a jury of first degree robbery and sentenced under the Second Offender Act to twenty years imprisonment. On appeal, defendant cites as error three points, which will be considered in the order presented by his brief.

Initially, defendant complains that the trial court erroneously denied his motion for a psychiatric examination. Section 552.020, RSMo 1978. In support of his motion, defendant offered the testimony of his mother, his lawyer and himself. His mother testified that defendant behaved in peculiar fashion as a child, had only a fourth grade education before he was placed in a "special" classroom with no grade designation, and that he had been admitted to Malcolm Bliss Mental Hospital on more than one occasion. Under cross-examination, defendant's mother could point to no specific incident which could be considered demonstrative of his incompetence and admitted that none of the attending physicians at Malcolm Bliss intimated that defendant's behavior was the result of mental disease or defect.

Defendant's lawyer took the stand and in narrative form expressed concern about his client's ability to comprehend the gravity of the charges against him, and stated that he had been unable to adequately confer or communicate with defendant to the extent necessary for representation. Defense counsel also expressed concern about certain strange physical mannerisms exhibited by defendant (such as excessive blinking of the eyes, an expressionless face and half-smile) which led defense counsel to believe his client might not be competent to stand trial.

Defendant's testimony revealed little except that he had been admitted to Malcolm

Bliss Hospital on several occasions (although he denied being told he had mental problems), that he understood the nature of the crime with which he was charged, and that he felt he had a reasonable explanation for all the state's evidence against him.

The trial court denied defendant's motion for psychiatric examination and based its decision, at least in part, on its own observation of defendant's demeanor. The trial court stated that there was no evidence of an inability to proceed and specifically noted defendant's rational, responsive courtroom behavior. Defendant contends that it was error to deny his motion for psychiatric examination because the evidence adduced at his pre-trial "competency to proceed" hearing raised a bona fide doubt concerning his competency to stand trial. Defendant argues that such doubt requires that he undergo a psychiatric examination before trial may proceed.

We believe defendant misconstrues the import of *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). *Pate* does not require the appointment of a psychiatrist (or an "adequate hearing on his competence to stand trial", *Pate v. Robinson*, 383 U.S. 375, at 386, 86 S.Ct. 836, at 842, 15 L.Ed.2d 815) merely because an accused offered some evidence of the existence of his mental disease or defect. Rather, we interpret Pate to require that this mental disease or defect in an accused must raise a "bona fide" doubt as regards the accused's competence to proceed.

■ In Missouri, the preliminary determination that an accused is, or is not, competent to proceed is left exclusively to the trial court. *State v. Clark*, 546 S.W.2d 455, 468 (Mo.App.1977). The test the trial court must apply is whether the accused has sufficient ability to consult with his lawyer with a reasonable degree of rational understanding, and whether he had a rational, as well as factual, understanding of the proceedings against him. *State v. Mayfield*, 562 S.W.2d 404, 407 (Mo.App.1978). And, in making its determination, the trial court is permitted to consider not only the testimony of the witnesses but also its own observations of the defendant. *State v. Fulsom*, 557 S.W.2d 671, 673 (Mo.App.1977).

■ A reading of the transcript leaves us convinced that the trial court could reasonably conclude (and did not abuse its discretion by concluding) that defendant was presently possessed of sufficient mental faculties enabling him to both consult with his lawyer and to understand the nature of the proceedings against him. We must, therefore, rule this point against defendant. See *State v. Vansandts*, 540 S.W.2d 192, 202 (Mo.App.1976).

Defendant next asserts that the trial court erred in overruling his motion to suppress identification testimony. Defendant contends that the circumstances surrounding the robbery were not such as to provide an adequate basis for an independent, in-court identification, and the means by which the police conducted the identification procedure were so unnecessarily suggestive as to be conducive to an irreparable mistaken identification. Specifically, defendant has misgivings about the line-up in which defendant, a black man approximately five feet two inches in height, was surrounded by two men both of whom were at least six inches taller. Defendant also laments the fact that he was the only short man in the line-up to wear a white T-shirt because the description police received of the assailant was that of a short black man attired in a white T-shirt. Although defendant presents an engaging argument, we are constrained to rule this point against him for several reasons.

■ First, as defendant's motion to suppress identification testimony stated mere conclusions and not facts, it related nothing for the trial court to consider, and preserved nothing for appellate review. Rule 25.06(e); *State v. Jordan*, 506 S.W.2d 74 (Mo.App.1974). Second, the line-up procedure was not so impermissibly suggestive as to result in an irreparable misidentification. See *State v. Gillum*, 540 S.W.2d 167 (Mo.App.1976). Third, defendant failed to object to a witness' in-court identification and, thus, may not now assert that the trial

court's denial of his motion to suppress identification testimony constituted error. *State v. Johnson*, 574 S.W.2d 42 (Mo.App. 1978). Finally, there appeared a sufficient independent basis for the witness' in-court identification of defendant apart from any suggestive line-up as the witness testified that he watched defendant run down the street toward his truck and saw defendant pass in front of the truck from a distance of only a few feet. *State v. Young*, 534 S.W.2d 585, 589 (Mo.App.1976). Also see *State v. Davis*, 530 S.W.2d 709 (Mo.App. 1975).

■ Defendant last contends, as his final point on appeal, that the state failed to submit sufficient evidence from which to identify defendant as the person who committed the crime. Of course, it is incumbent upon us to consider the evidence in a light most favorable to the state, together with all inferences which may reasonably be drawn therefrom. Evidence and inferences to the contrary must be disregarded. *State v. Longmeyer*, 566 S.W.2d 496 (Mo. App.1978).

■ The transcript is fraught with evidence which supports the conviction. The victim testified that while waiting for a bus on May 22, 1978, at 9:00 a. m., a black man, shorter than herself, struck her on the head several times with a hammer, took her purse and fled down Mississippi Avenue. A truck driver, who happened to be in the area at the time, testified that he saw a short, black man sprint down Mississippi Avenue with a woman's purse, pass in front of his vehicle and climb into a brown car missing a tail light section.

Two days later, police apprehended defendant in a brown car with a piece of the left tail light missing. A hammer, some money orders and a rosary were found in the car. The rosary was identified as the victim's and the truck driver identified defendant as the man with the purse.

We conclude that the foregoing facts constitute substantial evidence from which the jury could reasonably identify defendant as the perpetrator of the crime. See *State v. Lang*, 536 S.W.2d 52, 54 (Mo.App.1976).

Judgment affirmed.

DOWD, P. J., and REINHARD, J., concur.