STATE of Missouri, Respondent,

v.

David Franklin DOBBS, Appellant.

No. 42288.

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 2, 1980.

Robert C. Babione, Public Defender, Linda Murphy, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Jerry Short, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CLEMENS, Senior Judge.

A jury found defendant David F. Dobbs guilty of second degree robbery and fixed his punishment at imprisonment for eight years. Defendant appeals from the ensuing judgment.

Defendant's sole point on appeal is that the court erroneously denied his pre–trial motion to exclude evidence he had twice previously been convicted of felonious stealing. Those two convictions were shown on cross–examination of defendant.

The evidence shows: Defendant was a passenger in the victim's cab. When it arrived at the ordered destination defendant held a "silver object" at the driver's head and demanded and took money, a watch and a lighter. At defendant's command the driver walked away from his cab.

Defendant testified he was drunk and substantially admitted the victim's testimony was true except as to the use of the "silver object". Defendant does not challenge the sufficiency of the state's evidence and we find it sufficient.

Defendant now urges us to change the law concerning the admissibility–for impeachment purposes–of evidence of a defendant's conviction of previous crimes. He cites decisions from other states and federal courts which limit the use of such evidence.

We note parenthetically the original common law disqualification of any witness who had been convicted of a crime; this on the ground his conviction rendered him unworthy of belief.

Two statutes have long since modified that common law rule. Section 546.260, RSMo. 1978 (originally Law of 1877, p. 356) declares a defendant shall not be incompetent to testify in his own behalf but if he does so he may be impeached as any other witness. Section 491.050 RSMo. 1978 (originally Section 4680 RSMo. 1899) declares a person previously convicted of a crime is a competent witness, but his conviction may be shown to affect his credibility.

Defendant's constitutional challenge to the two statutes has twice been specifically denied. *State v. Graves*, 182 S.W.2d 46[10] (Mo.1944) held since the two cited statutes "permit him to be impeached by proof of former convictions the same as any other witness, the Constitution will not shield him against it". Again, in *State v. Swisher*, 260 S.W.2d 6 (Mo. banc 1953), the court ruled: "a defendant, by voluntarily making himself a witness under the privileges of Section 491.050 abolishing his common law incompetency, waives the protection given him under Art. I, Section 19 of the Missouri Constitution and Amendment 14 of the Constitution of the United States and subjects himself to the perils of being cross–examined to the extent authorized by law."

Our supreme court has uniformly upheld the statutes defendant now challenges.[1] In

---

1. *State v. Morton*, 338 S.W.2d 858[2] (Mo. 1960); *State v. Wolfe*, 343 S.W.2d 10[5, 6] (Mo. banc 1961); *State v. Washington*, 383 S.W.2d 518[8–10] (Mo.1964); *State v. Byrth*, 395 S.W.2d 133[2–4] (Mo.1965); *State v. Morris*, 460 S.W.2d 624[3] (Mo.1970).

*State v. Busby*, 486 S.W.2d 501[1] (Mo.1972), the court denied a plea to modify the rule, holding "the statute confers an absolute right to show convictions solely to affect credibility. It may be that the right should be restricted in some respects, but, if any change is to be made we think it must be done by the General Assembly." Later, in *State v. Tolliver*, 544 S.W.2d 565[4–6] (Mo. banc 1976), the court met and denied the present defendant's contention, holding "Defendant also contends that the court erred in overruling his pretrial motion which sought to limit the State's cross–examination of him concerning his previous convictions in the event he should decide to take the stand. Defendant asserts that the court's ruling deprived him of the right to make an intelligent decision before trial as to whether he should take the stand and subject himself and his testimony to an attack upon his credibility. Clearly, the State is entitled to inquire about prior convictions of a witness to affect his credibility. Section 491.050, RSMo. 1969; *State v. Busby*, 486 S.W.2d 501, 503[1] (Mo.1972)."

Judgment affirmed.

DOWD, P. J., and REINHARD and CRIST, JJ., concur.

