**STATE of Missouri,
Plaintiff-Respondent,**

**v.**

**Larry RAIFORD, Defendant-Appellant.**

No. 50986.

Missouri Court of Appeals,
Eastern District,
Division Ten.

Aug. 12, 1986.

Motion for Rehearing and/or
Transfer to Supreme Court
Denied Sept. 17, 1986.

Application to Transfer Denied
Oct. 14, 1986.

Deborah Lambdin Stockhausen, St. Louis, for appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

STEPHAN, Presiding Judge.

Defendant Larry Raiford was found guilty of robbery in the first degree, § 569.020 RSMo 1978, after a jury trial in the Circuit Court of the City of St. Louis. The trial court found defendant to be a persistent offender pursuant to § 558.016 RSMo Cum.Supp. 1984, and sentenced defendant to thirty years in the Missouri Department of Corrections and Human Resources. Defendant appeals; we affirm.

On May 13, 1985, at approximately 11:30 p.m., James Gilbride, a New York resident visiting the City of St. Louis, was walking back to his room at the Radisson Hotel from Laclede's Landing, where he had gone earlier to have a few drinks. Gilbride's return trip was interrupted several times by his attempts to seek shelter from the intermittent rain. At one point he stopped at a public parking garage. As he neared the garage, two women approached and attempted to engage him in conversation. Gilbride assumed the women were prostitutes, and told them he was not interested. Shortly thereafter, in the garage, a tall black man who claimed to be a police officer assigned to the vice squad, told Gilbride to get up against the wall. The man displayed a gun, and Gilbride complied with the order. The man then demanded Gilbride's wallet for identification purposes. The two women started walking away, and Gilbride verbally expressed his doubts that the man was really a police officer. The man then attempted to extract the wallet from Gilbride's pocket. Thereafter another man, slightly shorter than the first, came to the first man's

assistance, and both men pushed Gilbride up against the wall. Gilbride took his wallet out and tossed it over the ramp of the garage onto the street.

The two men then left, and Gilbride saw them pick up the wallet. Gilbride proceeded to follow the men, keeping some distance between himself and the men. He asked for his wallet back, and the men threw it on the ground. Money in the amount of $358 had been taken from the wallet. Gilbride asked for his money back, and continued to follow the two men as they walked in the downtown area. At about 9th and Lucas Streets, the two men told Gilbride to be quiet. Gilbride started shouting that he had been robbed, and for someone to stop the two men. The men started to run up 9th street to Convention Plaza. Gilbride saw one man throw down a gun and the other man throw down his coat. The two men then split up.

Police Officer Richard Archambault testified that he responded to the shouts for help, and saw one of the men throw a pistol to the ground. Archambault effected the arrest of this man, defendant Charles Arrington, on Convention Plaza. He also testified he saw the other man throw down a jacket.

Police Officer Timothy Zoll testified that while working at a secondary job at Convention Center, he heard shouts for help. Zoll responded and started chasing a man, who jumped into the bushes on the east side of the Radisson Hotel. The man, defendant-appellant Larry Raiford, was arrested. A search of the bushes uncovered $358—seven $50 bills and eight $1.00 bills. The amount and the denominations of the money were consistent with the testimony of the victim, James Gilbride, as to what he had in his wallet before he was robbed.

Defendants Charles Arrington and Larry Raiford were tried together and convicted. Only defendant Larry Raiford appeals.

Appellant claims the trial court erred in overruling his motions for judgment of acquittal at the close of the State's case and at the close of all the evidence. In reviewing whether a submissible case has been made, evidence supporting the verdict must be taken as true, contrary evidence disregarded, and reasonable inferences indulged. *State v. Wakefield,* 682 S.W.2d 136, 138–139 (Mo.App.1984). This is true even when evidence of a defendant's guilt is wholly circumstantial. *Id.* at 138.

■ In the case at bar appellant asserts that because the victim, James Gilbride, failed to identify appellant as one of the individuals who robbed him, no submissible case was made. A robbery victim need not identify the person who robbed him in order for the evidence to be sufficient to convict. *See State v. Williams,* 676 S.W.2d 845, 846–847 (Mo.App.1984), and *State v. Abrams,* 597 S.W.2d 230, 233 (Mo.App. 1980). In both of these cases, third parties saw what appeared to be robbers fleeing from the scene of the robbery. A third party identified the fleeing robber in the *Abrams* case, and in *Williams,* a third party followed the robber in an automobile until the police intervened.

■ The evidence in the present case is even more compelling. The victim testified that two men tried to forcibly remove his wallet from his pocket after the original ploy of posing as a police officer failed. The man who posed as the police officer had brandished a gun. The victim threw his wallet over the ramp of the garage, and the men left. The victim followed, saw the men pick up the wallet, and continued to follow them until they were subsequently apprehended by the police. The victim testified that he never really lost sight of the men; there was no one else on the street at the time; he recognized the men's clothing; and the men who were stopped by the police were the same men who robbed him. He also testified that he saw one man throw a gun down and the other man throw down a jacket.

Both arresting officers identified the defendants in the courtroom, and testified that these were the same men they saw fleeing from the victim, who was shouting for help, and were the same men they ultimately arrested. Officer Archambault

testified that he saw one man throw a gun down and the other man throw a jacket, and arrested the man he had seen throw the gun, defendant Charles Arrington. Officer Zoll testified that he saw the man he was chasing jump into some bushes. Zoll arrested the man, appellant Larry Raiford. A search of the bushes revealed $358 in the denominations the victim testified he had. Such a plethora of evidence was certainly sufficient for the case to go to the jury. Point denied.

Appellant's only other point asserts that the trial court erred in overruling his objection to certain statements made by the prosecutor during closing argument which constituted an impermissible comment upon appellant's failure to testify in his own behalf.

Several times during his closing argument, the prosecutor referred to the fact that the State's evidence was "uncontradicted." He also asked the jurors to reflect on the evidence and ask themselves whether they had "heard any evidence that suggests anything else" than the culpability of the defendants. Defense counsel objected once, and the objection was overruled.

■ Such arguments have consistently been held not to constitute direct or certain references to the defendant's failure to testify so as to automatically constitute reversible error. *State v. Wakefield,* 682 S.W.2d 136, 145 (Mo.App.1984). Rather, where the argument is not a direct or certain reference to the defendant's failure to testify, it is the function of a reviewing court to consider the circumstances in which the remarks in question appear. A reviewing court will not substitute its judgment for that of the trial court unless the record shows an abuse of discretion by the trial court. *State v. Martin,* 624 S.W.2d 879, 884 (Mo.App.1981). In this connection, we note that the one objection made to such argument came at a point where the prosecutor was discussing the testimony of the sole witness presented by the appellant. Rather than refute any element of the State's case, that testimony served to place appellant near the scene of the crime ap-

proximately one hour before it was committed. It was wholly proper to point out that the testimony in no way contradicted anything presented by the State. *Cf. State v. Hunter,* 676 S.W.2d 34, 35 (Mo.App.1984). In that case, a claim in closing argument that certain testimony presented by the State was "uncontradicted by any evidence offered by defendant" was held not to be even an "indirect" reference for the reason that, "The statement referred to the weakness of whatever contradiction was provided by defendant's witness."

Finally, we note, as did the Court in *State v. Wakefield,* 682 S.W.2d 136, 145 (Mo.App.1984), that MAI–CR2d 3.76 was read to the jury. That instruction provides: "Under the law, a defendant has the right not to testify. No presumption of guilt may be raised and no inference of any kind may be drawn from the fact that the defendant did not testify." We perceive no abuse of discretion in the trial court's ruling on the one objection made to the prosecutor's remarks to the effect that the State's evidence was uncontradicted.

The judgment is affirmed.

SIMON and KELLY, JJ., concur.