STATE of Missouri,
Plaintiff-Respondent,

v.

Charles ARRINGTON,
Defendant-Appellant.

No. 51052.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 21, 1986.

Motion for Rehearing and/or Transfer
Denied Dec. 3, 1986.

Application to Transfer Denied
Jan. 13, 1987.

James S. McKay, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Colly Frissel-Durley, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Judge.

Defendant was convicted of first degree robbery after a jury trial and was sentenced as a persistent offender to 30 years' imprisonment. He appeals; we affirm.

We briefly set forth the facts developed at the joint trial of defendant and his alleged accomplice. On May 13, 1985, at approximately 11:30 p.m., the robbery victim was walking to his hotel room from a bar at Laclede's Landing. In an effort to avoid the rain he sought shelter in a parking garage, where he was approached by two women who attempted to engage him in conversation. The victim assumed that they were prostitutes and told them he was not interested. As the women left, the victim was approached by defendant, who identified himself as a police officer from the vice squad and told the victim to get against the wall. Defendant displayed a gun and the victim complied with the order. Defendant then requested some identification and reached for the victim's wallet. The victim began to suspect that defendant was not really a police officer and put his hand over his wallet, which contained approximately $358. A second man, Larry Raiford, appeared and along with defendant attempted to extricate the wallet. The victim took his wallet out of his pocket and threw it onto the street. The two men picked up the wallet and walked away.

The victim followed them and pleaded with them to keep the money but return the wallet, which they eventually did. He then started asking for his money, and the assailants told him to be quiet. Near the corner of 9th and Lucas the victim began shouting that he had been robbed, and the two men started to run.

Officer Archambault testified that he responded to the cry for assistance and began to follow the defendant after he saw him drop an object the officer believed to be a pistol. Officer Archambault arrested defendant near the Radisson Hotel in Convention Plaza. Officer Zoll of the City of St. Louis Police Department testified that while working a secondary job at the convention center he heard the shouts for help.

Zoll chased a man, later identified as Larry Raiford, and arrested him near the east side of the Radisson Hotel. Zoll searched the bushes where Raiford was hiding and found $358 in the denominations the victim had reported stolen.

The only witness adduced by either defendant was Hervis Paige. He was called by defendant Raiford and testified to being with Raiford and another man in May of 1985. Paige met the two men at the Greyhound Bus station, and at around 11:30 they walked toward his car, which was parked at the Mayfair Hotel. On their way to the car they passed a parking garage ramp where they observed a white man with his pants down, a black woman, and a white woman. The three men kept walking, then Paige and his companions parted company near Lucas. Paige proceeded on to his car.

Arrington and Raiford were both convicted of first degree robbery at their joint trial. Raiford's appeal was disposed of in *State v. Raiford*, 716 S.W.2d 434 (Mo.App. 1986).

As in *Raiford*, defendant here contends that the state failed to make a submissible case. For the same reasons expressed in *Raiford*, we hold that the evidence was sufficient to make a submissible case and defendant's point is without merit.

Defendant also contends that the court erred in failing to sustain his objections to certain comments made by the prosecuting attorney during closing argument because those comments improperly shifted the burden of proof to the defense and in the context of the case indirectly highlighted and directed the jury's attention to the fact that defendant had not testified.

Raiford similarly argued on appeal that the court erred in failing to sustain his objections to the prosecutor's comments during closing argument because those statements were impermissible references to Raiford's failure to testify. He confined his complaints largely to comments made in the opening portion of the prosecutor's argument, where the prosecutor classified

the state's evidence as "uncontradicted." We found no reversible error.

Clearly the burden of proof is upon the state, and the state has the obligation of proving its case beyond a reasonable doubt. The jury was so informed in Instruction No. 4, which was MAI–CR2d 2.20. Furthermore, direct and certain references to defendant's failure to testify automatically constitute reversible error. *State v. Wakefield*, 682 S.W.2d 136, 145 (Mo.App.1984); *State v. Robinson*, 696 S.W.2d 826, 833 (Mo.App.1985). Where, however, the remark is not a direct or certain reference to defendant's failure to testify, a court must consider the statement in its context and determine whether it highlighted or was reasonably apt to direct the jury's attention to defendant's failure to testify. *Robinson*, 696 S.W.2d at 833. The appellate court should not substitute its judgment for that of the trial court unless the record shows an abuse of discretion resulting in prejudice to the defendant. *State v. Martin*, 624 S.W.2d 879, 884 (Mo.App.1981).

It is important to note that there is a distinction between an objection to a comment which is asserted to be an improper attempt to shift the burden of proof and an objection to a comment as an impermissible reference to the defendant's failure to testify. Defendant argues on appeal that the prosecutor's remarks contained both infirmities; however, his citations of authority are directed principally at the proposition that the statements "indirectly highlighted and directed the jury's attention to the fact that [defendant] had not testified."

All of defendant's expostulations concern statements the prosecutor made in the rebuttal portion of state's closing argument. Defendant complains about the prosecutor's comment, apparently in reference to the testimony of Hervis Paige, that "when there is no defense, you only hear the defense of character assassination." However, no objection was made to this statement at trial, and therefore nothing was properly preserved for consideration on appeal.

■ Defendant further complains about the prosecutor's comment that defense counsel was attempting "to create a defense." This statement was made as the prosecutor was attempting to analyze defense counsel's argument. Upon defendant's objection, the attorneys for both sides said they were merely arguing the evidence as they saw it. We do not believe this statement constituted a reference to defendant's failure to testify or an attempt to shift the burden of proof.

■ Defendant also complains about the prosecutor's comments concerning a "theory of innocence." The prosecutor said, "We have those five points of reasonable doubt but what is the theory of innocence? Is there a theory of innocence? I think I heard Mr. McKay [counsel for defendant] suggest one. Again, not a witness, but a theory." When this statement was made defendant did not immediately object. The prosecutor continued with his argument, and ultimately said:

> What is his suggestion as to what happened? I mean, there is no suggestion in evidence as to what happened other than what we learn from [the victim], but I don't even hear or I can't even think of, and I don't think I heard from Mr. McKay a theory that makes any sense.
>
> MR. McKAY: Your Honor, I'm going to object. The burden of proof is on the state to prove these individuals guilty beyond a reasonable doubt. It is not on us to prove they are innocent and Mr. Quinley [the prosecutor] knows that.
>
> THE COURT: Overruled.
>
> MR. QUINLEY: That is quite right. The burden is mine and we put the witnesses on and they swore and they testified and they were cross-examined and they established beyond any reasonable doubt and their evidence is uncontradicted.

Our review of this exchange reveals that the defendant did not object at the first possible opportunity, and therefore did not preserve his objection for appeal. Furthermore, there was no objection anywhere in the record to the prosecutor's statements

as impermissible comments on defendant's failure to testify. Consequently, this argument was not preserved for appeal.

Despite defendant's failure to preserve his allegations of error, we briefly mention *State v. Davis*, 573 S.W.2d 114 (Mo.App. 1978), in which the western district reversed a judgment because the prosecution stated in his argument, "You have heard no reasonable theory of innocence *from this defendant.*" The language in *Davis* specifically referred to "this defendant" and therefore called attention to the fact that defendant did not testify. The statements in the present case were made in response to defense counsel's argument concerning the credibility of the state's case and did not refer either directly or indirectly to defendant's failure to testify.

Defendant's contention that the prosecutor's comments were an improper comment upon his failure to testify and constituted an attempt to shift the burden of proof are not supported by the law or the record in this case.

Judgment affirmed.

DOWD, P.J., and CRIST, J., concurs.