**STATE of Missouri,**
**Plaintiff–Respondent,**

v.

**Joseph Earl HOLLINSHED,**
**Defendant–Appellant.**

**No. 54607.**

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 31, 1989.

Daniel P. Reardon, Jr., St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Elizabeth Levin Ziegler, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CRANDALL, Presiding Judge.

Defendant, Joseph Earl Hollinshed, appeals from his convictions, after a jury trial, of two counts of first degree burglary, two counts of forcible rape, two counts of first degree robbery, and one count of sodomy. He was sentenced to imprisonment for a total of 190 years plus life. Defendant contends the trial court erred in overruling his motion for a mistrial because the prosecutor's closing argument improperly referred to defendant's failure to testify. We affirm.

Defendant does not challenge the sufficiency of the evidence. The evidence, viewed in the light most favorable to the verdict, shows that on February 26, 1987 and March 8, 1987, defendant committed the crimes for which he was convicted. After his arrest, he made a full confession of the crimes. At trial, he presented no evidence.

Defendant argues, in his sole point on appeal, that the trial court erred in overruling defendant's motion for a mistrial. Defendant asserts that his motion should have been granted because the prosecutor improperly referred to defendant's failure to testify at trial during his closing argument. The challenged portion of the closing argument reads as follows:

> The State's case is solid. The State's evidence was credible, the police work was excellent, and there's been no defense presented to you. Simply put, the State's case is uncontradicted, uncontroverted.

Defendant did not object to the prosecutor's statements, but rather made a motion for a mistrial. A motion for a mistrial should only be granted when the prejudicial effect of a comment can not be removed in any other way. *State v. Brigham*, 709 S.W.2d 917, 921 (Mo.App.1986).

Rule 27.05(a) forbids reference by a prosecutor to a defendant's failure to testify. Section 546.270, RSMo (1986). This prohibition extends to direct references and to indirect references, which naturally and necessarily cause the jury to infer that the comment referred to the accused's failure to testify. *State v. Jackson*, 750 S.W.2d 644, 648 (Mo.App.1988).

We find nothing improper about the prosecutor's statements. Comments to the effect that the State's evidence is "uncontradicted" or "uncontroverted" are neither direct references, nor indirect references so as to automatically constitute error. *State v. Raiford*, 716 S.W.2d 434, 436 (Mo.App. 1986). A prosecutor is not prohibited from making reference to defendant's failure to offer evidence. *State v. Sidebottom*, 753 S.W.2d 915, 920 (Mo. banc 1988). In this case the prosecutor referred to the defendant's failure to offer evidence, not his failure to testify. Since the prosecutor's comments were permissible, the trial court did not err by overruling defendant's motion for a mistrial.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.