Charles ARRINGTON, Appellant,

v.

STATE of Missouri, Respondent.

No. 55123.

Missouri Court of Appeals,
Eastern District,
Division One.

March 7, 1989.

Michael Hardcastle, St. Louis, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

ORDER

PER CURIAM:

Movant appeals the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant was convicted by a jury of first degree robbery and sentenced to thirty years' imprisonment. The conviction was affirmed in *State v. Arrington*, 721 S.W.2d 94 (Mo.App.1987). Movant sought to vacate his conviction on the ground of ineffective assistance of counsel, but his motion was denied following an evidentiary hearing.

We find the motion court's judgment was based on findings of fact not clearly erroneous and no error of law appears. An extended opinion would have no precedential value.

Judgment affirmed in accordance with Rule 84.16(b).

Bobby TROTTER, Plaintiff/Appellant,

v.

HONEST JOHN'S, et al.,
Defendant/Respondent.

No. 54889.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 7, 1989.

James Edgar Lownsdale, Ray Marglous, Clayton, for plaintiff/appellant.

Thomas J. Plunkert, Leritz, Reinert & Duree, St. Louis, for defendant/respondent.

SMITH, Presiding Judge.

Plaintiff appeals from a judgment in favor of defendants. The parties have raised no question about the timeliness of the appeal, but we are required to determine our jurisdiction. Timely filing of an appeal is jurisdictional. *K.W. v. Missouri Division of Family Services*, 694 S.W.2d 915 (Mo.App.1985) [2, 3].

Verdict in this case was returned February 24, 1988. Motion for new trial was filed March 9, and denied on April 29. Notice of appeal was filed on May 13. Upon the denial of the motion for new trial, the judgment became final for purposes of appeal. Rule 81.05(a). Plaintiff had ten days thereafter to file his notice of appeal. Rule 81.04(a). That ten-day period did not exclude weekends. Rule 44.01(a). Ten days after April 29 was May 9, a holiday. Notice of appeal was due May 10. The notice of appeal was untimely and we lack jurisdiction over the appeal.

Appeal dismissed.

STEPHAN and SATZ, JJ., concur.