**Rochester BUCKLEY, Respondent,**

v.

**GENERAL MOTORS CORPORATION, Appellant.**

No. 62898.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 23, 1993.

John P. Zimmerman, St. Louis, for appellant.

W. Morris Taylor, William Kieran Meehan, St. Louis, for respondent.

CRAHAN, Judge.

General Motors Corporation ("Employer") appeals from an adverse decision of the Labor and Industrial Relations · Commission ("Commission"). The case arises out of a claim for workers' compensation for injuries sustained by Rochester Buckley ("Employee") in an assault by a co-employee. We affirm.

The claim was originally heard by an administrative law judge of the Missouri Division of Workers' Compensation. The judge found Employee's claim compensable and awarded $2,799.00 in medical expenses, $15,055.77 in permanent partial disability, and $1,052.29 for disfigurement. The judge refused to award temporary total disability and denied credit to Employer for General Motors Disability Advance (GMDA) payments because of a lack of evidence regarding those payments.

Both Employee and Employer appealed the administrative law judge's decision to the Commission. Employee appealed the refusal of temporary total disability and the determination of interest. Employer appealed the compensability of the assault and the denial of credit for GMDA payments. The Commission modified the administrative law judge's award. The Commission found the injury to be compensable, adopted the administrative law judge's award, denied Employer's claim for credits on monies paid through GMDA and found sufficient evidence to support an award for temporary total disability in the amount of $7,554.68.

On appeal to this court, Employer raises four points. None of Employer's points relied on, however, comply with Rule 84.04(d). Employer's points relied on are:

A. The assault of November 24, 1987 was personal and therefore not compensable.

B. The evidence was insufficient to award temporary total disability.

C. The record contains sufficient evidence of GMDA payment to award a credit.

D. General Motors' entitlement to credit for GMDA.

Rule 84.04(d) requires that points relied on "shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous." In addition, Rule 84.13(a) provides that, with certain exceptions not applicable here, "allegations of error not briefed or not properly briefed *shall not be considered in any civil appeal....*" (emphasis added). Here, Employer's points are abstract statements which fail to identify any ruling claimed to be error or even who supposedly made the error, let alone "wherein and why" the unspecified rulings are erroneous. Employer has preserved nothing for our review.

In an attempt to cure these deficiencies, Employer wrote a letter and submitted amended points relied on to the judge who pointed out to Employer's counsel at oral argument that the points relied on in his brief did not comply with Rule 84.04(d). Employee responded with a motion to strike appellant's correspondence and amendments. We grant Employee's motion.

It is improper to direct correspondence concerning a pending matter to an individual judge or to a panel of judges of this court. Rule 84.20 states that "[a]ll mo-

tions, briefs, letters, or communications in anywise relating to a matter pending in the court must be addressed to the clerk, who will lay them before the court in due course."

 In addition, points relied on cannot be amended after submission. We have held that assignments of error set forth for the first time in reply brief do not present issues for appellate review. *Kramer v. Mason*, 806 S.W.2d 131, 134 (Mo.App.1991). Similarly, Employer can't amend its points relied on after submission when Employee has no opportunity to reply.

■ Moreover, Employer's amended points relied on still do not comply with Rule 84.04(d) in that they do not set forth wherein and why the challenged rulings are erroneous. Rule 84.04(d). This is remarkable in light of the fact that at the oral argument we cited Employer's counsel to *Thummel v. King*, 570 S.W.2d 679, 684–86 (Mo. banc 1978), which explains in great detail the purpose of points relied on and gives examples of how to draft them properly.

As the Missouri Supreme Court explained in *Thummel*, the requirements of Rule 84.04(d) are not a matter of hypertechnicality on the part of appellate courts. Properly drafted points relied on are essential to the proper functioning of the appellate process. They serve to inform the court and the opponent of the precise issues for review, foster robust advocacy essential to the adversary system of adjudication and assist the court in avoiding an improper role as advocate for either side. *Id.*

To those observations we add that careful attention to the requirements of Rule 84.04(d) should also prove to be of great assistance to appellants' counsel in separating meritorious points from those which have no realistic chance of success on appeal. Counsel will find that it is extremely difficult to draft a proper point relied on if the error has not been properly preserved below, if no case authority can be found, if the evidence supporting the contention cannot be succinctly specified, or if reversal is foreclosed by the applicable standard of review.

We are always reluctant to dispose of cases on procedural grounds but find that Employer's failure to specify any rulings or errors or to otherwise comply with Rule 84.04(d) leaves us little choice in this case. In the exercise of our discretion, we have reviewed Employer's brief for "plain error" as permitted by Rule 84.13(c) and find no error affecting substantial rights resulting in a manifest injustice or miscarriage of justice.

The award of the Labor and Industrial Relations Commission is affirmed.

CRANE, P.J., and KAROHL, J., concur.