**The ROUSE COMPANY OF MISSOURI, INC., Respondent,**

v.

**JUSTIN'S, INC., et al., Appellants.**

No. 63900.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 23, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 28, 1994.

Robert G. Lancaster, Bryan Cave, St. Louis, for respondent.

Gregory G. Fenlon, Godfrey and Fenlon, St. Louis, for appellants.

SIMON, Judge.

Appellants, Justin's, Inc. (Justin's), Jerrold Klein (Klein), and Andrew Shapiro (Shapiro), appeal a judgment in favor of respondent, The Rouse Company of Missouri, Inc., in an action involving delinquent rent payments.

On appeal, appellants contend that the trial court erred in: (1) amending its original judgment on March 14, 1993, without giving appellants notice and an opportunity to be heard as required by Rule 75.01, and the trial court was without jurisdiction to enter a subsequent judgment on April 1, 1993; (2) entering judgment on April 1, 1993, against appellant Shapiro individually because he was not served properly with summons and petition, and there was no evidence to hold him individually liable for the rent under the lease agreement; and (3) admitting into evidence the lease agreement as a business record under § 490.680 R.S.Mo.1986. We affirm in part and reverse in part.

Our review is governed by the well-known principles of *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We will affirm the trial court's judgment unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Id.* at 32[1]. Further, "[a]s trier of fact, it is the function, indeed the duty, of the trial court to decide the weight and value to be given to the testimony of any witness. On appeal, we view the evidence in a manner favorable to the decree and disregard contradictory evidence." *Wynn v. Wynn*, 738 S.W.2d 915, 918[1] (Mo.App.1987) (citation omitted) "We defer to the trial court even if the evidence could support a different conclusion." *Id.*

The record indicates that on April 1, 1985, Shapiro, as president of Justin's, negotiated and signed a lease on behalf of Justin's for space in St. Louis Union Station. The lease is not part of the record on appeal. Under the terms of the lease, Justin's is obligated to pay respondent a monthly rent of $3,186.98. On November 12, 1992, respondent filed a one-count petition against appellants claiming delinquent rent and other charges in the amount of $18,849.50. Shapiro and Klein were sued in their individual capacity as statutory trustees and agents for Justin's. A summons was issued naming Shapiro and Klein and listing their addresses as 1820 Market, the business address for Union Station and the leased premises.

The deputy sheriff served the summons on Carmen Brown, the manager on duty at the business in Union Station. Shapiro and Klein filed a motion to quash service pursuant to Rules 55.27(a)(5), insufficiency of service of process, and 54.13, personal service, which was denied by the trial court. Thereafter, Shapiro and Klein filed a motion to dismiss alleging that respondent's complaint failed to join a necessary and proper party, Cardinal Knowledge, Inc., and attached the affidavit of Shapiro. The affidavit stated that Shapiro is an officer for the corporation Cardinal Knowledge, Inc., and the name Justin's, Inc., was placed on the lease. The parties agreed that the name "Justin's, Inc." could be changed on the lease at a later date. The substituted trade name is Cafe Med and the substituted corporate name is Cardinal Knowledge, Inc. The affidavit further states that since the lease was signed in 1985, respondent has dealt with the corporate entity of Cardinal Knowledge, Inc., and the trade name of Cafe Med. Furthermore, in the seven years that Cafe Med has been opened,

respondent accepted and cashed over $250,-000.00 of rent checks from Cardinal Knowledge, Inc. The trial court never ruled on the motion to dismiss.

Appellants answered denying every allegation of respondent's petition. In their answer, Shapiro and Klein, by way of affirmative defense, stated that: (1) to their knowledge and belief there is no corporation known as Justin's, Inc., and that the real party in interest is Cardinal Knowledge, Inc.; (2) respondent has failed to join all necessary parties; (3) respondent's petition fails to state a claim upon which relief can be granted; and (4) the trial court lacks jurisdiction over appellants and has failed to obtain proper service over them. Respondent's action was tried on February 2, 1993 without a jury.

Respondent presented only one witness at trial, Linda Blansitt, an employee and accountant of respondent whose duties were to bill tenants and collect rent. The lease agreement between Justin's and respondent is alleged to have been executed in 1985, five years before Blansitt became an employee of respondent. Respondent introduced the lease into evidence as a business record through Blansitt. Appellants objected to the introduction of the lease as a business record, and the objection was overruled.

The trial court rendered judgment on February 24, 1993 and found in favor of respondent and against Justin's, for damages in the amount of $23,420.28. A judgment was entered in favor of Shapiro and Klein. Further, no judgment for possession was entered. The record is unclear as to whether Shapiro and Klein received a copy of the judgment.

On March 4, 1993, the trial court, by its own motion, amended its order and added judgment for possession of the premises against Justin's. No post-trial motions were filed in the interim between the February 24 and March 4 judgments. Shapiro and Klein did not receive a copy of the March 4 judgment. On March 18, 1993, respondent filed a motion to amend the March 4, 1993 judgment, requesting the court to enter judgment against Shapiro and Klein as individuals.

A hearing was held on respondent's motion to amend. However, the record is unclear as to whether Shapiro and Klein received notice of the hearing or were present at the hearing. On April 1, 1993, the trial court amended the judgment by rendering judgment against Shapiro individually. On April 12, 1993, appellants filed a post-trial motion challenging the amended judgments on March 4 and April 1, 1993. Appellants claimed they did not receive notice that the March 4, 1993 judgment was being rendered, they did not receive a copy of the judgment after it was rendered as required by Rule 74.03, and that the April 1, 1993 judgment was void and should be set aside under Rule 74.06(b)(4). The trial court held that it was without jurisdiction to rule on the post-trial motion.

In their first point, appellants contend the trial court erred in amending its original judgment on March 4, 1993 without giving appellants notice and an opportunity to be heard as required by Rule 75.01, and the trial court was without jurisdiction to enter a subsequent judgment on April 1, 1993. Respondent counters that the trial court did not err in amending its original judgment since appellant Shapiro failed to demonstrate good cause under Rule 74.03 to set aside the March 4, 1993 judgment.

■ Appellants filed a motion for leave to file their reply brief out of time. The motion was denied. In their reply brief, appellants contend that the trial court's amended judgment of March 4, 1993 granted relief which was not prayed for in the petition, and as such was improper and void. However, assignments of error set forth for the first time in the reply brief do not present issues for appellate review. *Application of Gilbert,* 563 S.W.2d 768, 771[3] (Mo. banc 1978).

■ In any event, it is our duty to determine *sua sponte* whether this court has jurisdiction, even though the issue has not been raised by either party. *See Trotter v. Honest John's,* 765 S.W.2d 735 (Mo.App.1989).

■ It is the established rule in this state that judgments must be responsive to the issues raised by the pleadings, and that the relief to be awarded by the judgment is limited to that sought by the pleadings; fur-

thermore, a judgment which is based upon issues not made by the pleadings is coram non judice and void. *Brown v. Wilson,* 348 Mo. 658, 155 S.W.2d 176, 180[13–15] (1941).

Here, respondent's petition, titled "Affidavit and Complaint for Rent and Possession," is a one-count claim for rent. The prayer of the petition "prays for judgment against defendants for the amount of $18,849.50 plus accrued rent at the rate of $3,186.98 per month, with all additional charges, interest, costs and attorneys' fees, and for such other and further relief as the Court may deem just and proper." The petition does not incorporate the lease by reference and there is no allegation of entitlement to possession. The appellants' pleadings do not raise any issue as to possession. Further, the record does not indicate that respondent's petition was amended.

■ It has been held consistently that under our contemporary form of code pleading, the prayer is not part of a petition. *McMenamy v. Main,* 686 S.W.2d 874, 876[1] (Mo.App.1985). The character of a cause of action must be determined from the facts stated in the petition and not by the prayer or the name given the action by the pleader. *Id.* at 876[2]. Furthermore, rent and possession are separate actions. *See Cook v. American Maintenance Co.,* 588 S.W.2d 171, 172[3] (Mo.App.1979).

■ Here, the trial court's amended judgment on March 4, 1993 adds possession to the relief granted respondent. As a result, the March 4, 1993 judgment is void because the amended judgment grants relief beyond respondent's claim for relief and issues submitted in the pleadings. *See Brown, supra.*

■ In addition, appellants' first point contends that the trial court was without jurisdiction to enter judgment on April 1, 1993, more than thirty days after the February 24, 1993 judgment. Since the March 4, 1993 judgment is void, we must determine when the February 24, 1993 judgment became final. A judgment becomes final at the expiration of thirty days after its entry if no timely motion for a new trial is filed. Rule 81.05(a). Furthermore, in cases tried without a jury or with an advisory jury, a motion

for new trial or to amend the judgment or both, must be filed not later than fifteen days after the entry of judgment. Rule 73.-01(a)(3). In addition, Rule 75.01 provides in pertinent part:

> The trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time.

■ Here, the February 24, 1993 judgment became final thirty days later, on March 26, 1993. The record shows that respondent did not file a motion to amend the judgment within the fifteen days as required by Rule 73.01(a)(3). As a result, the February 24, 1993 judgment became final, and the trial court was without jurisdiction to enter the second amended judgment on April 1, 1993, more than thirty days after its first judgment was entered; therefore, the April 1, 1993 judgment is void.

In their final point, appellants contend that the trial court erred in admitting into evidence the lease agreement as a business record.

Rule 84.04(d) requires that points relied on "shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous." Furthermore, Rule 84.13(a) provides that, with certain exceptions not applicable here, "allegations of error not briefed or not properly briefed shall not be considered in any civil appeal...."

Properly drafted points relied on are essential to the proper functioning of the appellate process. They serve to inform the court and the opponent of the precise issues for review, foster robust advocacy essential to the adversary system of adjudication and assist the court in avoiding an improper role as advocate for either side. *Buckley v. General Motors Corporation,* 865 S.W.2d 429, 431[4] (Mo.App.1993).

■ Here, appellants' third point states, "[t]he trial court erred in admitting into evi-

dence the lease agreement as a business record under section 490.680." Appellants' third point fails to identify why the trial court's ruling was erroneous, and therefore, fails to comply with Rule 84.04(d). In any event, we will review this point *ex gratia.* See *Ward v. State Farm Life Insurance Co.,* 833 S.W.2d 484, 487[6] (Mo.App.1992).

For business records, as an exception to the hearsay rule to be admitted in evidence, we look to § 490.080 R.S.Mo.1986, which provides that evidence shall be competent "if, in the opinion of the court, the sources of information, method and time of preparation are such as to justify its admission." Personal knowledge of the sponsoring witness of the mode of preparation of the documents sought to be admitted as business records is not required for admission of those documents. *Collet v. American National Stores, Inc.,* 708 S.W.2d 273, 277[5] (Mo.App. 1986). Thus, "the bottom line" regarding the admissibility of the business records is the discretionary determination by the trial court of their trustworthiness. *Peters v. Johnson & Johnson Products, Inc.,* 783 S.W.2d 442, 444[3] (Mo.App.1990).

Here, Blansitt testified that she was familiar with the bookkeeping and record-keeping procedures of respondent. Furthermore, she is familiar with how respondent organizes lease files and the process by which leases are executed. In our view, we can find no abuse of discretion by the trial court in allowing the lease to be admitted into evidence as a business record. Even though Blansitt was not employed by respondent at the time the lease was executed, the trial court has enough information before it to determine the trustworthiness of the lease. See *Peters, supra.* Point denied.

The February 24, 1993 judgment is affirmed, and the March 4, 1993 and April 1, 1993 judgments are reversed.

SMITH and PUDLOWSKI, JJ., concur.