**STATE of Missouri, Respondent,**

v.

**Craig MORRISON, Appellant.**

**Nos. ED 74630, ED 74977.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 24, 1999.

Robert S. Adler, St. Louis, for appellant.

Robert P. McCulloch, Pros. Atty., Kelly M. Dillon, Asst. Pros. Atty., Clayton, for respondent.

Before: RICHARD B. TEITELMAN, P.J., CLIFFORD H. AHRENS, J., and LAWRENCE E. MOONEY, J.

### ORDER

PER CURIAM.

Defendant appeals from a judgment entered upon a jury verdict finding him guilty of driving while intoxicated in violation of § 577.010 RSMo 1994, and failure to drive within a single lane in violation of § 304.015 RSMo 1994. The court sentenced him to two days in jail and a fine of $200.00 on the D.W.I. count and a fine of $100.00 on the improper lane usage count. Sufficiency of evidence is not in dispute. Defendant raises five points on appeal. The first alleges instructional error; the

second claims the prosecutor made improper comments at trial concerning (a) Defendant's failure to testify and (b) his invocation of his right to counsel shortly after his arrest; Defendant's last three points on appeal all claim, on various asserted grounds, that the court erred in allowing into evidence the Datamaster breathalyzer test results showing Defendant's blood alcohol content to be .108%.

We have reviewed the briefs of the parties and the record on appeal. With the sole exception of the alleged improper remarks concerning Defendant's failure to testify, none of Defendant's claims of error has been preserved for review.[1] These claims are therefore reviewable, if at all, only for plain error. No error of law appears as to any of these unpreserved claims, plain or otherwise.

With respect to the issue of the prosecutor's alleged improper comments during closing argument concerning Defendant's failure to testify, it is clear from the record that these remarks amounted to no more than the prosecutor pointing out to the jury that Defendant had offered no evidence at all regarding certain elements of the charged offense, and that the State's evidence as to those elements was uncontroverted. It is permissible for a prosecutor to refer during closing argument to uncontroverted evidence, and this in and of itself does not constitute an improper comment on a defendant's failure to testify. *State v. Hollinshed,* 764 S.W.2d 171, 172 (Mo.App. E.D.1989).

An extended written opinion would serve no jurisprudential purpose. The judgment is affirmed pursuant to Rule 30.25(b).

---

1. Defendant's brief consistently fails to acknowledge that certain of his claims have not been preserved for appellate review, and discusses them as if they had been preserved. With respect to the claim of instructional error, for example, this claim was not preserved, and in fact has been *waived,* because Defendant did not object at trial to the supposedly erroneous instructions on any of the several grounds now asserted in his appeal. Rule 28.03; *State v. Martindale,* 945 S.W.2d 669, 673 (Mo.App. E.D.1997).