**In the Interest of T.C.T., A.R.T., S.C.T., and C.K.T.**

**No. WD 64744.**

Missouri Court of Appeals, Western District.

June 28, 2005.

Tina and Bruce Towner, Warrensburg, Acting pro se.

James A. Waits, Kansas City, for Respondent.

RONALD R. HOLLIGER, Presiding Judge.

T.K.T. and B.J.T. (hereinafter "Appellants," or "Father" and "Mother" when necessary to address each appellant individually) appeal the judgment of the trial court terminating their parental rights to four minor children, T.C.T., A.R.T., S.C.T., and C.K.T. and approving the adoption of the children by their foster parents. They first contend that the trial court erred by refusing to appoint counsel for Mother, despite her failure to answer the petition or to otherwise make an appearance in the case prior to trial. Next they contend that the trial court erred by barring them from offering affirmative evidence at trial, even though Mother had defaulted and Father had been sanctioned for refusal to comply with court-ordered discovery. Lastly, they contend that the trial court erred by providing inadequate notice of trial.

Father and Mother's brief fails to comply even minimally with many of the requirements of Supreme Court Rule 84.04. Even more glaringly, they have failed to file any transcript of the proceeding below, making it impossible to attempt any review of their complaints to the extent that we would be able to discern them from their deficient brief. Their appeal is, therefore dismissed.

### Factual and Procedural Background

The present appeal arises from a contested adoption proceeding regarding four minor children, T.C.T., A.R.T., S.C.T., and C.K.T. Appellants are the natural parents of the four children which had been removed from their custody due to abuse or neglect pursuant to Chapter 211, RSMo. The children were placed in foster care with Respondents.

Respondents subsequently sought to adopt the children, filing a petition for adoption and termination of Appellants' parental rights on December 31, 2003. Appellants were served with notice of the adoption action on January 11, 2004. Other potential biological fathers of the children were served via publication pursuant to Section 506.160, RSMo.

Father, represented by counsel, filed the only answer to the petition. Mother did not file an answer or any other sort of response to the petition. In the course of discovery, Respondents served Father with interrogatories that he only partially answered. Respondents filed a motion on June 30, 2004, seeking to compel responses to that discovery. The trial court granted Respondent's motion to compel on July 5, 2004, ordering Father to respond to the

discovery within fifteen days or be found in default. It is not clear from the record whether Father made any additional response, but Respondents apparently filed a motion for sanctions based on the lack of adequate response.[1] The trial court granted this motion on July 30, 2004, striking Father's answer and entering an interlocutory order of default against him.

The matter proceeded to trial on September 2, 2004, before Commissioner Payne of the Jackson County Circuit Court. Father appeared in person and through counsel. Mother appeared in person, though she was apparently also represented by counsel for some portion of the trial. While Appellants were permitted to participate in the trial in the form of cross-examining witnesses and making recommendations, they were not permitted to present affirmative evidence at trial, based upon Mother's failure to file responsive pleadings and Father's refusal to comply with discovery.

On September 21, 2004, the Commissioner entered findings and recommendations which found grounds for termination of Appellants' parental rights on the basis that the children had been abused and neglected; that the children had been under the jurisdiction of the Juvenile Court in excess of one year and that the conditions that resulted in the assertion of jurisdiction continued to exist with little likelihood that they would be remedied in the near future to an extent to permit reunification; and that the children had been in

the Respondents' care since March 2000, except for the period from February 9, 2003, to April 8, 2003.[2] The Commissioner also found that termination of the Appellants' parental rights was in the best interest of the children. The Commissioner further recommended the approval of the Respondents petition for adoption.

The Commissioner's findings and recommendations were adopted and confirmed by judgment entered by the Honorable Jon Gray, as the Family Court Administrative Judge, on September 22, 2004. Appellants allegedly sought rehearing pursuant to Rule 129.13, but this motion was apparently overruled.[3]

The present appeal follows, with both Appellants proceeding *pro se.*[4]

### Discussion

Appellants attempt to raise a number of issues on appeal. First, they argue that the trial court erred by refusing to appoint counsel to represent Mother at trial. Second, Appellants contend that the trial court erred in barring them from presenting affirmative evidence at trial. Third, they argue that they were provided inadequate notice of the trial. Prior to addressing those issues, however, this Court must consider the Appellant's noncompliance with Supreme Court Rule 84.04 in briefing this case and their failure to file a complete record on appeal under Rule 81.12.

---

1. The record on appeal does not appear to contain any additional discovery responses and does not contain Respondents' motion for sanctions or any responses thereto.

2. The copy of the judgment included in the legal file appears to be missing page four. A complete copy of the judgment is included in the Appendix to Respondents' brief; however, an Appendix is not part of the legal file or otherwise part of the record on appeal. *See*

*Jos. A. Bank Clothiers, Inc. v. Brodsky,* 950 S.W.2d 297, 301 (Mo.App.1997).

3. Neither the motion for rehearing nor any order flowing therefrom is included in the legal file.

4. Appellants filed a motion for appointment of counsel, but this motion was denied as it failed to present facts establishing that the Appellants were proceeding *in forma pauperis.*

*Noncompliance with Supreme Court Rule 84.04*

■ Appellants' first brief was ordered stricken due to multiple violations of Supreme Court Rule 84.04. The specific violations noted were: failure to provide a detailed table of contents (Rule 84.04(a)(1)); failure to provide a table of cases (Rule 84.04(a)(1)); lack of a statement of facts with specific page references to the record on appeal (Rules 84.04(c), 84.04(i)); failure to provide a jurisdictional statement (Rule 84.04(b)); absence of a Points Relied On section (Rule 84.04(d)); and lack of both argument or conclusion sections (Rules 84.04(e), 84.04(i), and 84.04(a)(6)).

Appellants' amended brief remedies only a few of these deficiencies. One of the most glaring deficiencies is the lack of any citations to the record on appeal within the Appellants' statement of facts. Also of great concern is that none of the Points Relied On set forth in the Appellants' brief comply with Missouri Supreme Court Rule 84.04(d).

■ Rule 84.04(d) sets forth the requirements for a point on appeal:

(1) Where the appellate court reviews the decision of a trial court, each point shall:

(A) identify the trial court ruling or action that the appellant challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The rule also provides an example of the form in which a point on appeal should be drafted. *Id.* The purpose of the Rule is to provide notice to the opposing party and to inform the appellate court of the issues to be addressed on appeal. *Foster v. Village*

of Brownington, 140 S.W.3d 603, 607 (Mo. App.2004) (quoting *Wilson v. Carnahan,* 25 S.W.3d 664, 666 (Mo.App.2000)). Failure to comply with that Rule renders an issue unpreserved for appellate review. *Id* at 608.

■ Respondents have filed a motion to strike the Appellants' petition for the numerous violations of Rule 84.04 that Appellants have failed to remedy. We recognize that the Appellants are proceeding *pro se,* without representation by counsel. However, we are not permitted to hold *pro se* litigants to a different standard than those who have benefit of counsel. *Manning v. Fedotin,* 64 S.W.3d 841, 846 (Mo.App. 2002).

Appellants' failure to comply with Rule 84.04 constitutes more than a mere procedural deficiency. By failing to include citations to the record on appeal in their statement of facts, the Appellants have failed to provide this Court with any support for their claims on appeal. In improperly setting forth their points on appeal, it is essentially impossible to determine the specific court rulings or legal issues that Appellants seek to contest without searching their argument on appeal. We may not do so, however. *See Thummel v. King,* 570 S.W.2d 679, 686 (Mo. banc 1978). Taking such action would essentially place this court in the role of advocate for the Appellants. *Id.* That would not only be inconsistent with our function as a court of review but would also be unfair to the opposing parties. *Id.*

■ That said, appellate courts are reluctant to dispose of claims of error merely due to procedural deficiencies. *Buckley v. Gen. Motors Corp.,* 865 S.W.2d 429, 431 (Mo.App.1993). This caution is amplified when the matter under appeal concerns child custody matters. *Ludwig v. Ludwig,* 126 S.W.3d 466, 471 (Mo.App.2004). We

exercise even greater care when the issue concerns termination of an appellant's parental rights.

Although we can detect and understand some portion of Appellant's stated points on appeal, we are not provided a sufficient record to review those claims on their merits. The record on appeal consists of a "legal file" and a transcript. Rule 81.12(a). It is the responsibility of the appealing party to assemble and file the record on appeal. Rule 81.12(c). This includes ordering the transcript of the proceedings below. *Id.* Here, a legal file has been provided for this court's review, but no transcript has been filed.

 This failure to provide a transcript is more than a procedural deficiency. Our review of the issues on appeal is limited to the information contained in the record presented. "If a matter complained of is not present in the record on appeal, there is nothing for the court to review." *Brancato v. Wholesale Tool Co.*, 950 S.W.2d 551, 554 (Mo.App.1997). For example, Appellants complain about the sufficiency of the evidence to support the judgment, but they do not provide us with the evidence to review. And although they complain about Mother's lack of counsel, the court's order reflects that she had counsel for part of the trial with no further explanation. In sum, without a complete record on appeal we cannot disregard the other numerous deficiencies of their brief.

One matter remains for disposition by this court. Appellants filed a "Motion Entering Proof of Native American Heritage" with this court on April 1, 2005. Said motion contends that the Indian Child Welfare Act (ICWA), 25 U.S.C. Section 1901, *et seq.*, applies to the children, on the basis that the death certificate of Father's paternal grandfather, a copy of which is attached to the motion, listed the grandfather's race as "American Indian."

Even assuming, for purposes of discussion, that the trial court could properly consider the motion and its attachment (which, we note, indicates no familial relationship between Father and the individual described in the death certificate), Appellants have failed to establish that the ICWA would be triggered in this situation. "[T]he act 'is not applicable where an Indian child is not being removed from an Indian cultural setting, where the natural parents have no substantive ties to a specific tribe, and where neither of the parents nor their families have resided or plan to reside within a tribal reservation.'" *In the Interest of D.C.C.*, 971 S.W.2d 843, 846 (Mo.App.1998). Nothing in Appellants' motion establishes that any of these factors would be met, in the present matter. Appellants' motion, therefore, is overruled.

Appellants' appeal is dismissed.

THOMAS H. NEWTON and LISA WHITE HARDWICK, Judges, concur.