

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | |
|---|---|
| IN THE INTEREST OF: S.R.W., | ) |
| | ) |
| Juvenile, | ) |
| | ) |
| JANET ROGERS – JUVENILE OFFICER, | ) |
| | ) |
| Respondent, | ) |
| | ) |
| v. | )  WD87157 |
| | ) |
| T.W., | )  Opinion filed:  May 27, 2025 |
| | ) |
| Appellant. | ) |

**APPEAL FROM THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI
THE HONORABLE ALISHA O'HARA, JUDGE**

Division Three:  W. Douglas Thomson, Presiding Judge,  Karen King Mitchell, Judge and Thomas N. Chapman, Judge

T.W. ("Mother") appeals from the trial court's judgment terminating her parental rights to S.R.W. ("Child").  Acting *pro se*, Mother raises four points on appeal.  However, because Mother fails to comply with appellate court requirements under Rules 81.12 and 84.04,[1] we must dismiss the appeal.

---

[1] All Rule references are to *Missouri Court Rules, Volume I – State, 2024* unless otherwise noted.

## Factual and Procedural Background

Child was born on May 30, 2020. She resided with Mother until October 22, 2020, when their residence was raided by the Clay County Sherriff's Department ("Department"). As a result of the raid, Mother and other adults present were arrested in relation to the drug and drug paraphernalia discovered by the Department in the residence. Child was immediately placed in the care, custody, and control of the Missouri Department of Social Services' Children's Division (the "Division").

On March 11, 2021, the trial court entered its order of disposition, determining that Mother was unable to provide a safe and stable drug-free home for Child. Mother was ordered to pay monthly support and maintenance for Child in addition to a multitude of other family reunification services. This included an obligation for Mother to participate in drug testing and to maintain contact with the Division.

On August 17, 2023, the Juvenile Officer of Clay County ("Juvenile Officer") filed a Petition that sought to terminate Mother's parental rights ("Petition").[2] On February 1, 2024, a trial was held on the Petition. Prior to the trial, the Juvenile Officer and the Court-Appointed Special Advocate ("CASA") submitted written reports and recommendations to the trial court. On March 13, 2024, the trial court

---

[2] The Division also sought to terminate the parental rights of Child's presumed father ("Presumed Father") and Child's prospective father ("Prospective Father"). Mother and Presumed Father were married at the time of Child's birth, but in Presumed Father's consent to termination of his parental rights, Presumed Father denied that he was the birth father of Child.

issued its judgment terminating Mother's parental rights in and over Child.[3] The trial court cited three independent statutory bases for its termination: (1) Child was abused or neglected by Mother, pursuant to section 211.447.5(2); (2) Child had been in the custody of the Division for over a year while Mother failed to rectify the conditions that led to the Division's assumption of jurisdiction, pursuant to section 211.447.5(3); and (3) Mother was unfit to be a party to the parent-child relationship, pursuant to section 211.447.5(5). The trial court also found that termination of Mother's parental rights was in Child's best interest.

This appeal follows. Respondent's motion to dismiss Mother's appeal was taken with the case.

## Deficiencies on Appeal

Due to serious deficiencies in Mother's briefing and record submitted to this Court, we are unable to reach the merits of this appeal.

Before addressing Mother's briefing deficiencies, we address Rule 81.12(a)'s requirement that the record on appeal "contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented[.]" In creating the record on appeal, Rule 81.12(c) requires that the appellant order the transcript which shall "contain the portions of the proceedings and evidence not

---

[3] Presumed Father signed and submitted his consent to the termination of his parental rights to Child prior to the trial court's hearing. During the February 1, 2024 termination hearing, the trial court found Putative Father had abandoned Child because he had failed to visit or communicate with Child since she was in the Division's Custody. Neither Presumed Father nor Putative Father appealed the trial court's judgment of termination.

previously reduced to written form and necessary to determination of the issues on appeal." Mother has failed to provide the transcript of the trial court's termination of parental rights hearing. The "failure to provide a transcript is more than a procedural deficiency." *In re T.C.T.*, 165 S.W.3d 529, 533 (Mo. App. W.D. 2005). "Our review of the issues on appeal is limited to the information contained in the record presented." *Id.* "If a matter complained of is not present in the record on appeal, there is nothing for the court to review." *Id.* (quoting *Brancato v. Wholesale Tool Co.*, 950 S.W.2d 551, 554 (Mo. App. E.D. 1997)).

A legal file has been provided for our review, which means we may be able to glean some understanding of the events at trial, but no transcript has been filed. Without such transcript, our ability to review Mother's claims is virtually impossible. *See In re T.C.T.*, 165 S.W.3d at 533 ("In sum, without a complete record on appeal we cannot disregard the other numerous deficiencies of their brief."). Accordingly, Mother's appeal could be dismissed solely for violating Rule 81.12. Nevertheless, Mother's briefing is also deficient.

"Rule 84.04 provides the mandatory requirements for briefs filed in all appellate courts." *Phox v. Boes*, 702 S.W.3d 498, 503 (Mo. App. W.D. 2024) (citing *Lexow v. Boeing Co.*, 643 S.W.3d 501, 505 (Mo. banc 2022)). Our preference is to reach the merits of a case. *Phox*, 702 S.W.3d at 503. However, we "will not consider a brief 'so deficient that it fails to give notice to this Court and to the other parties as to the issues presented on appeal.'" *Lexow*, 643 S.W.3d at 505 (quoting *J.A.D. v. F.J.D.*, 978 S.W.2d 336, 338 (Mo. banc 1998)).

The Missouri Supreme Court has explained the importance of adherence to the briefing requirements laid out in Rule 84.04:

> When [an appellant] fail[s] in their duty by filing briefs which are not in conformity with the applicable rules and do not sufficiently advise the court of the contentions asserted and the merit thereof, the court is left with the dilemma of deciding that case (and possibly establishing precedent for future cases) on the basis of inadequate briefing and advocacy or undertaking additional research and briefing to supply the deficiency. Courts should not be asked or expected to assume such a role. In addition to being inherently unfair to the other party to the appeal, it is unfair to parties in other cases awaiting disposition because it takes from them appellate time and resources which should be devoted to expeditious resolution of their appeals.

*Lexow*, 643 S.W.3d at 505 (quoting *Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978)).

As mentioned previously, Mother presents as a *pro se* appellant. "[P]ro se appellants are held to the same standards as attorneys regarding the mandatory appellate briefing rules." *Murphy v. Steiner*, 658 S.W.3d 588, 592 (Mo. App. W.D. 2022) (quoting *Walker v. Div. of Emp. Sec.*, 592 S.W.3d 384, 388 (Mo. App. W.D. 2020)). "This is not from a lack of sympathy, but rather is necessitated by the requirement of judicial impartiality, judicial economy, and fairness to all parties." *Starcher v. Div. of Emp. Sec.*, 672 S.W.3d 861, 863 (Mo. App. W.D. 2023) (citation omitted). The failure to "substantially comply with Rule 84.04 'preserves nothing for our review' and constitutes grounds for dismissal of the appeal." *Ferguson v. Div. of Emp. Sec.*, 654 S.W.3d 434, 438 (Mo. App. W.D. 2022) (quoting *Wallace v. Frazier*, 546 S.W.3d 624, 626 (Mo. App. W.D. 2018)).

We begin by addressing the deficiencies found within Mother's points relied on.

## Points Relied On

"The Points Relied On are an integral component of an Appellant's brief." *Hicks v. Northland-Smithville*, 655 S.W.3d 641, 646 (Mo. App. W.D. 2022). Rule 84.04(d)(1) mandates that each distinct point of error presented to the appellate court for review shall: "(A) Identify the trial court ruling or action that the appellant challenges; (B) State concisely the legal reasons for the appellant's claim of reversible error; and (C) Explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error."

Rule 84.04(d)(1) continues, providing the form with which an appellant's points relied on should comply: "The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*]." "A point relied on which does not state wherein and why the trial court . . . erred does not comply with Rule 84.04(d) and preserves nothing for appellate review." *Hicks*, 655 S.W.3d at 647 (quoting *Lexow*, 643 S.W.3d at 505)) (internal quotation marks omitted).

Importantly, the requirements in Rule 84.04(d) are "not simply a judicial word game or a matter of hypertechnicality on the part of appellate courts[.]" *Matter of James A. Long Trust Dated Dec. 13, 2007 as Amended*, 704 S.W.3d 729, 740 (Mo. App. W.D. 2024) (quoting *Thummel*, 570 S.W.2d at 686). Rather, the

points relied on requirement exists to "give notice to the opposing party of the precise matters which much be contended with and to inform the court of the issues presented for review." *Auman v. Richard*, 672 S.W.3d 277, 281 (Mo. App. W.D. 2023) (quoting *Lexow*, 643 S.W.3d at 505). This reduces the risks "that the court may interpret the thrust of the contention differently than does the opponent or differently than was intended by the party asserting the contention." *Thummel*, 570 S.W.2d at 686.

Mother's "points fail to inform Respondents and this Court of the issues presented for review, as she does not state proper legal reasons for her claims of reversible error nor does she provide a viable explanation for how her legal reasons support her claims of reversible error." *Phox*, 702 S.W.3d at 504. For example, in Mother's fourth point relied on, she asserts: "The Circuit Court erred by ignoring key evidence that demonstrated [Mother's] psychological fitness and sobriety. The June 11, 2021 psychological evaluation and multiple negative UA tests through July 2023 were not considered in the court's decision, in violation of the standards set in In re K.A.W., [sic] 133 S.W.3d 1 (Mo. banc 2004)." This point relied on does not explain the legal reasons that support Mother's claim for reversible error. It also fails to identify how the legal authority Mother cites entitles her to relief. This prohibits Respondent from having notice of the precise matters which must be addressed. Neither can we understand the precise nature of Mother's legal challenges, and this exposes us to the risk of addressing an argument that Mother

7

did not *actually* make. The same is true of Mother's Points I, II, and III – Mother fails to explain why the trial court errors she has identified entitle her to relief.

"[Mother's] appeal is subject to dismissal as a result of the insufficient points relied upon." *See Hicks*, 655 S.W.3d at 648.

### Statement of Facts

Mother's statement of facts is also deficient. Rule 84.04(c) requires the statement of facts in an appellate brief to be "a fair and concise statement of the facts relevant to the questions presented for determination without argument." Further, "[a]ll statements of facts shall have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits." Rule 84.04(c). "The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case." *Murphy*, 658 S.W.3d at 593 (quoting *Acton v. Rahn*, 611 S.W.3d 897, 901 (Mo. App. W.D. 2020)) (internal quotes and citations omitted).

Mother fails to provide a non-argumentative statement of facts. Instead, Mother chose to describe five discrete situations that she argues the trial court either ignored or intentionally disregarded as evidence in opposition to termination of Mother's parental rights. These five situations are described chronologically in numbered paragraphs, and each description is paired with a citation to a legal authority that purports to bolster Mother's position. Instead of describing the facts of the case in a fair and concise manner, Mother intersperses argument throughout her statement of facts. This violates Rule 84.04(c). *See*

8

*Murphy*, 658 S.W.3d at 593-94 (finding that a statement of facts that is "replete with argument" failed to "adequately comply with Rule 84.04(c)).

Moreover, in the five numbered paragraphs that represent Mother's statement of facts, there is not a *single* reference or citation to the record on appeal. Mother does not direct us to a legal file, transcript, or exhibits. With Mother's statement of facts, "we 'are left searching for a needle in a haystack[.]'" *Phox*, 702 S.W.3d at 504 (quoting *Brown v. Brown*, 645 S.W.3d 75, 83 (Mo. App. W.D. 2022)). It is improper for this Court to "spend time searching the record to determine if factual assertions in the brief are supported by the record." *Phox*, 702 S.W.3d at 504 (quoting *Brown*, 645 S.W.3d at 83) (citation and internal quotations omitted). To do so would be to act impermissibly "as an advocate by scouring the records for facts to support" Mother's contentions. *Murphy*, 658 S.W.3d at 594 (citation omitted).

Standing alone, Mother's statement of facts violates Rule 84.04(c) such that dismissal of her appeal is warranted. *See Hicks*, 655 S.W.3d at 649.

### *Argument*

Rule 84.04(e) requires an argument for each claim of error "include a concise statement describing whether the error was preserved for appellate review; if so, how it was preserved; and the applicable standard of review." *Phox*, 702 S.W.3d at 504-05 (quoting Rule 84.04(e)). Moreover, "[t]he argument section of an appellate brief must provide sufficient analytical support for the claim of reversible error." *Hicks*, 655 S.W.3d at 649. Ultimately, it is improper for this

Court to "comb the record for support of factual assertions" because to do so is, effectively, "advocat[ing] for the non-complying party." *Phox*, 702 S.W.3d at 505 (quoting *R.M. v. King*, 671 S.W.3d 394, 399 (Mo. App. W.D. 2023)) (citation omitted).

If a party fails to support a contention with argument beyond conclusions, the point is considered abandoned." *Davis v. State*, 704 S.W.3d 746, 751 (Mo. App. W.D. 2025). It is the job of the appellant to "advise the appellate court how principles of law and the facts of the case interact." *Maxwell v. Div. of Emp. Sec.*, 671 S.W.3d 742, 749 (Mo. App. W.D. 2023) (citation omitted). Here, Mother merely recites the law and pairs those recitations with conclusory statements. Mother simply states both factual assertions and legal conclusions while referencing a few cases and statutes without explaining how the law and Mother's circumstances interact.

For example, in the argument in support of her third point relied on, Mother alleges that the trial court's decision to terminate her parental rights was based on insufficient evidence. Further, Mother claims Respondent failed to meet the burden of proof established in the termination of parental rights statute. Mother then alleges that a doctor found that there were "no signs of harm, neglect, or injury" to Child in October of 2020. Mother also alleges that she "passed multiple drug tests through July 2023[.]" However, she fails to provide appropriate analytical support for her claims of reversible error. We "would need to engage in speculation and independent legal research to address [Mother's] claims of

10

reversible error." *Phox*, 702 S.W.3d at 504; *See Auman*, 672 S.W.3d at 283. "It is not our role to do so." *Phox*, 702 S.W.3d at 504; *See Aydin v. Boles*, 658 S.W.3d 223, 227 (Mo. App. W.D. 2022).

Nowhere does Mother analyze the way the cases and statutes she references apply to her circumstances. The same can be said about Mother's first, second, and fourth points relied on. Moreover, Mother does not describe the standard of review we are to use to address any of her points relied on, nor does she described how any of her arguments were preserved for appellate review.

Rule 84.04(e) also requires that "'[a]ll factual assertions in the argument shall have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits.'" *Matter of Marvin*, 682 S.W.3d 788, 799 (Mo. App. W.D. 2023) (quoting Rule 84.04(e)). Mother's arguments fail to refer to the record on appeal, and thus provide us no assurance that the factual premises of her arguments are borne out by the record. For the same reasoning discussed above regarding the statement of facts, to address any of Mother's arguments would be to act as her advocate, a role we cannot accept. *See Id.* at 798-99.

We recognize that "[t]he termination of parental rights is the exercise of an awesome power, and should not be done lightly." *In re S.M.H.*, 160 S.W.3d 355, 362 (Mo. banc 2005) (citation omitted). However, because of Mother's numerous violations of Rule 84.04, we are unable to "readily understand" her argument. *See Phox*, 702 S.W.3d at 505 (quoting R.M., 671 S.W.3d at 400) ("It is not our role to act as [the appellant's] advocate" such that we will only address a non-compliant

brief *ex gratia* if the "argument is readily understandable."). Accordingly, it is improper for this Court to address Mother's arguments on appeal because to do so would require us to act as Mother's advocate.

Indeed, any of Mother's several deficiencies are sufficient on their own to support dismissal. Accordingly, we must dismiss.

### Conclusion

For the foregoing reasons, Mother's appeal is dismissed.[4]

_____
W. DOUGLAS THOMSON, JUDGE

All concur.

---

[4] Respondent's pending motion to dismiss is denied as moot as we have dismissed the appeal on our own motion.